DAVIS R. STOCKWELL *vs.* CHARLES M. GIDNEY and another.

Penobscot.    Opinion December 20, 1881.

*Promissory notes.    Contingency.*

S agreed with G at the time of receiving two of G's notes from him, that the notes should be void, in a certain contingency.  That contingency did not happen, but S did an act, which had a tendency to prevent, and which for all the court could know actually prevented, its occurence.

*Held,* in an action of assumpsit on such notes by S against G, that the plaintiff could not deprive the defendant of the benefit of the occurrence of the contingency, and still be in a condition to demand payment of the notes.

ON REPORT.

Assumpsit on two notes of hand, signed by the defendants, payable to the plaintiff, dated June 21, 1876; one for $27.96, payable in two years; the other, for $21.00, payable in two years and nine months.

The opinion states the facts, the following being the plaintiff's agreement referred to in the opinion :

"Bangor, June 21, 1876.   Whereas, I have this day made an exchange of property and securities with Mrs. Martha C. Gidney, and Charles M. Gidney, of Houlton, Me. I having conveyed real estate in Amity to said Charles M. Gidney, and have taken notes signed by Harry O. Gidney, amounting to $541 originally, and interest on the same to the present time (said notes being dated November 9, 1860,) making said notes now worth $1,008, or about, at simple interest; and, whereas, said notes are secured by mortgage on real estate in Houlton, which was foreclosed on the thirtieth day of March last, by Martha C. Gidney, and expiring on the thirtieth day of March, 1879; and the said Charles M. Gidney having given me his notes payable yearly for the difference of interest, which is collectible under the mortgage, on said notes of $541, and the amount they are now worth, $1,008, till the expiration of the foreclosure of said mortgage.

"I hereby agree, that if said mortgage notes, with interest, is paid to me before the expiration of foreclosure as above named, then I am to refund or indorse on said Charles M.

Gidney's notes, the amount of interest at same rate on the unexpired time of foreclosure, on the above named difference."

DAVIS R. STOCKWELL."

*A. W. Paine,* for the plaintiff.

The plaintiff did not interfere to prevent the redemption of the mortgage, as specified in the contract. The right of redemption was not tampered with in the least degree, nor the amount or time of redemption at all changed. The utmost that can be said is, that he sold his mortgage to one who might under certain circumstances desire to pay. But he had a right to sell to whomever he would so long as the right of redeeming remained intact. It was no fault of the plaintiff if the holding by the purchaser prejudiced the defendants. The plaintiff had nothing to do with the second mortgage. There is no proof that any damage resulted to the defendant from the sale of the mortgage. Nor is there the least proof that if he had not sold at the reduced price to the second mortgagee the purchaser would have redeemed.

The *onus probandi* was on the defendant to prove such damage. The court cannot be governed by probabilities, suppositions or uncertain future events in estimating damages. *Winslow* v. *Lane,* 63 Maine, 161; *Washington Ice Co.* v. *Webster,* 62 Maine, 341; *Ripley* v. *Mosely,* 57 Maine, 76; 2 Greenl. Ev. § 256, *et seq.*; *Brown* v. *Cummings,* 7 Allen, 507.

*Wilson and Woodard,* for the defendant, cited: Co. Lit. 206, a, b; Leake Contr. 367; *Holms* v. *Guppy,* 3 M. and W. 381; *Russell* v. *Bandeira,* 13 C. B. N. S. 149; *Bigland* v. *Skelton,* 12 East. 436; *Beswick* v. *Swindells,* 3 A. and E. 249; Chitty Contr. (11th Am. ed.) 1087–9; *Read* v. *Davis,* 35 Maine, 379; *Brigham* v. *Wentworth,* 11 Cush. 123; *Eyre* v. *Bartrop,* 3 Madd. 120; 1 Pars. Notes and Bills, 236.

SYMONDS, J. The declaration is in assumpsit upon two promissory notes, signed by the defendant. The question is, whether the plaintiff's written agreement of June 21, 1876, and the stated admissions of fact, afford a legal defence to the action.

On the date of that agreement, the plaintiff gave the defendant a deed of lands in town of Amity. In exchange therefor, he

received from the defendant the notes of Harry O. Gidney for $541, dated November 9, 1860, on which the amount then due was about $1,008. They were secured by mortgage of real estate in Houlton. Notice of foreclosure had been given, and the equity of redemption was to expire March 30, 1879. As a part of that transaction, the defendant also gave the plaintiff three notes, (of which those in suit are two; the other, due in one year, has been paid,) in such amounts as were sufficient to make up the difference between the interest on a principal of $541, and the interest on a principal of $1,008, from June 21, 1876, the date of exchange of lands for the mortgage notes, to March 30, 1879, when the foreclosure was to become absolute; thus securing to the plaintiff, if the premises were not redeemed, interest on the amount then due upon the mortgage notes, instead of, or rather in excess of, the interest on their face only, from the date of the bargain, till he acquired full title.

The plaintiff agreed that, if the mortgage notes, with interest, were paid to him before the expiration of the foreclosure, he would refund or indorse on the defendant's notes an amount equal to the interest on $467 — the difference between $1,008 and $541 — for that part of the period of foreclosure which had not expired when such payment was made. This was his agreement, not in words, but in effect.

On February 26, 1877, without the defendant's knowledge or consent, the plaintiff sold and assigned the mortgage to a second mortgagee of the same property. To that date, and beyond it, the plaintiff has received the additional interest stipulated for, by the payment of the first of the defendant's notes. Can he require more?

The plaintiff's agreement of June 21, reserved certain rights to the defendant in the event of the payment of the mortgage debt. There was a chance that the mortgagor, or a second mortgagee, might pay; and thereby prevent the accruing of the interest, for which, in the event it did accrue, the defendant's notes were given. This whole chance belonged to the defendant. The plaintiff had substantially agreed that he might have it, and that whatever saving of interest there should be on the $467,

by an earlier payment of the principal invested, which included the $467, should go to reduce the amount due on the defendant's notes, which were given only for the interest that might accrue on that sum before payment, or the maturing of title. Having given the defendant the right to have his notes reduced, if payment was made, or to have them cancelled, if the payment was made early enough, the plaintiff does an act which directly diminishes the chance of payment. Prior to the time when any interest, for which the notes in suit were given, had accrued, he sells the mortgage to one whose only legal right was to pay it; that is to say, to a second mortgagee, who with reference to the plaintiff, as holder and owner of the mortgage, had no other legal right than that of paying or redeeming it. He could compel the plaintiff to accept payment. He could not compel him to sell. Had the mortgage been paid to the plaintiff, either by the mortgagor or by the second mortgagee, on the day when he sold it, it would be precisely within the terms of his contract, that he should not recover on these notes. If his own act prevented the payment, which under his agreement was to give the defendant certain rights, the defendant's rights, as against him, still remain. By his contract he did not say to the defendant, you may have this benefit, if payment is made, but I shall see that payment is not made. On the contrary, the agreement to give the defendant an advantage in case of payment, carries with it the implied duty not to prevent payment. To impair the prospect of payment by selling to the second mortgagee, has the same legal effect as preventing payment. The court cannot estimate chances, and determine whether the mortgagor or the second mortgagee would have paid, if the plaintiff had not sold. It is enough that the plaintiff, by his agreement, gave the defendant a right to have these two notes cancelled, if payment should be made at as early a date as that at which he subsequently sold the mortgage; and that such sale, for all that can be known, was the only thing that prevented the payment of it.

The fact that the plaintiff chose to sell at a discount, does not affect the merits of the case. The same principle which would defeat this action, if he had assumed to sell to the second mort-

gagee for the full amount due, or even to the mortgagor for the same sum, precludes recovery here.

The plaintiff agreed that these notes should be void in a certain contingency. That contingency did not happen. But the plaintiff did an act which had a tendency to prevent, and which for all the court can know, actually prevented its occurrence. The chance of the second mortgagee's paying this mortgage was the principal advantage that the defendant derived from this agreement. It was worth more than the chance of the mortgagor's paying. The plaintiff could not deprive the defendant of that, and still be in position to demand payment of the notes.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.